UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |
| | Bankruptcy No. 8:08-bk-16911 TA | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) - DEBTOR'S APPEAL FROM BANKRUPTCY COURT'S ORDER GRANTING RETROACTIVE RELIEF (Dkt. 7, filed February 19, 2016)

DEBTOR'S MOTION TO STAY THE EXECUTION OF ORDERS ON APPEAL (Dkt. 9, filed March 24, 2016)

## I. INTRODUCTION AND BACKGROUND

The instant appeal arises from several interrelated proceedings. Before discussing the substance of debtor's appeal, a review of the background facts is appropriate.

### A. The State Case Between Howell and Her Former Attorneys

In or about September 2006, Nancy Ann Howell (debtor/appellant) hired the Law Office of Andrew S. Bisom and the Eisenberg Law Firm, APC (collectively "appellees" or "Howell's former attorneys") to represent Howell in a civil dispute. Ultimately, after terminating their representation of Howell, Howell's former attorneys brought suit against Howell in the Superior Court for the County of Orange, Case No. 07-CC-06921 ("the State Case"). Appellees brought several claims against Howell, including a claim for fraud, arising out of their representation of Howell. On August 21, 2008, after a jury trial, the jury returned a verdict in favor of appellees, including the jury's finding that "damages resulting from the fraud Mrs. Howell committed upon them" was equal to $48,080.94. Case No. 6:14-ap-01070-MH, Dkt. 23-5, Ex. 20. The jury also awarded punitive damages of $144,243.71. On October 15, 2008, responding to Howell's motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

for judgment notwithstanding the verdict, the Superior Court vacated the jury's award of punitive damages, but sustained that the damages award of $48,080.94. Id. Ex. 21.

On October 16, 2008, appellees lodged a proposed judgment with the Superior Court based on the jury's verdict and the court's subsequent ruling on Howell's motion for judgement notwithstanding the verdict.

### B. Santa Ana Bankruptcy Proceedings

On October 28, 2008, Howell filed a Chapter 7 bankruptcy petition in the Santa Ana division of the Bankruptcy Court for the Central District of California, triggering the automatic stay of any proceedings against Howell, including proceedings in the Superior Court. See Case No. 8:08-bk-16911-TA ("the Santa Ana Bankruptcy").

On November 3, 2008, while the automatic stay from the Santa Ana Bankruptcy was in effect, Orange County Superior Court Judge Randell L. Wilkinson signed the proposed judgment lodged by appellees in the State Case ("the State Case judgment") based on the jury's verdict and his prior ruling regarding punitive damages. See Case No. 6:14-ap-01070-MH, Dkt. 23-5, Ex. 21.

On January 30, 2009, the Santa Ana Bankruptcy Court dismissed Howell's Santa Ana Bankruptcy case because Howell failed to appear for examination at the initial meeting of creditors.

### C. Riverside Bankruptcy Proceedings

On December 12, 2013, Howell filed a second Chapter 7 petition, this time in the Riverside division of the Bankruptcy Court for the Central District of California. See Case No. 6:13-bk-29922-MH (the "Riverside Bankruptcy"). In her 2013 petition, Howell included appellees as judgment creditors. Howell claims that, at the time of the filing of the Riverside Bankruptcy petition, she believed the judgment in the State Case to be valid. Appellees state that they also thought the State Case judgment to be valid. On March 14, 2014, appellees filed an adversary proceeding in the Riverside Bankruptcy Court objecting to the discharge of the State Case judgment. See Case No. 6:14-ap-01070-MH (the adversary proceeding to case no. 6:13-bk-29922-MH).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

On April 1, 2014, the Riverside Bankruptcy Court issued a "Discharge of Debtors" order stating in general terms that "[m]ost, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed." Riverside Bankruptcy, Dkt. 26 at 2. Thereafter, on April 9, 2014, the Riverside Bankruptcy Court closed Howell's Riverside Bankruptcy proceeding. However, appellees adversary proceeding remains open and the parties have continued to litigate whether or not the judgment in State Case is dischargeable and therefore discharged.

On October 29, 2014, appellees filed a motion for summary judgment seeking a determination that the judgment in the State Case was not dischargeable in the Riverside Bankruptcy. Specifically, in the Riverside Bankruptcy, appellees argued that the judgment in the State Case is not dischargeable. Pursuant to 11 U.S.C. § 523(a), "[a] discharge . . . does not discharge an individual debtor from any debt . . . for money . . . obtained by . . . false pretenses, a false representation, or actual fraud . . . [or] for willful and malicious injury by the debtor to another entity." Accordingly, appellees argue that the jury's verdict in the State Case may act as res judicata regarding whether or not Howell's $48,080.94 debt arises from fraud, because the parties already litigated whether or not Howell had committed fraud in the State Case. Appellees argue that because the judgment in the State Case is a debt arising from fraud and because Howell and Appellees have already litigated whether or not Howell committed fraud, that they are entitled to a judgment in the Riverside Bankruptcy providing that Howell's debt to them is not discharged.

On December 1, 2014, Howell filed her opposition to appellees' motion for summary judgment, arguing for the first time that the judgment in the State Case was void because it was entered during the pendency of the automatic stay in the Santa Ana Bankruptcy. On December 10, 2014, the Riverside Bankruptcy Court held a hearing on appellees' motion for summary judgment and ultimately denied the motion without prejudice. Thereafter, the adversary proceeding in the Riverside Bankruptcy proceedings has remained open and continues to be litigated.

### D.    Appellees Return to the Santa Ana Bankruptcy Court

After the denial of their summary judgment motion in the Riverside adversary proceeding, appellees returned to the Santa Ana Bankruptcy court to seek retroactive relief from the automatic stay. Specifically, appellees asked the Santa Ana Bankruptcy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

court to annul the automatic stay so that there would be no doubt as to the validity of the judgment in the State Case, which was signed during the pendency of the automatic stay on November 3, 2008.

On February 23, 2015, appellees filed two motions in Santa Ana Bankruptcy Court: (1) a motion to reopen Howell's Santa Ana bankruptcy case, and (2) a motion for retroactive relief from the automatic stay.

On March 31, 2015, at the hearing on appellees' motions, appellees argued surprise as the basis for relief from the stay. Dkt. 7, Ex. 11 at 5:1-10. Specifically, appellees argued that they did not realize that the judgment lodged in the State Case on October 16, 2008, was signed on November 3, 2008, five days after Howell filed the Santa Ana bankruptcy petition on October 28, 2008, and therefore during the pendency of the automatic stay. Id., Ex. 5 at 3:11-24. At the same hearing, Howell contended that appellees' motion to reopen should be treated as a motion for relief from an order pursuant to Federal Rule of Civil Procedure 60, which, according to Howell, would then be barred by the applicable time limit for bringing the motion. Id. at 4:17-18. The Santa Ana Bankruptcy Court made clear during oral argument on the motion that it thought the judgment in the State Case should be given full effect. According to the Santa Ana Bankruptcy Court, the effect of the automatic stay, if any, upon the judgment in the State Case had nothing to do with Howell's right to protection from debtors during the pendency of the bankruptcy case (which Howell abandoned) or the merits of the underlying judgment. Id.

On April 13, 2015, the Santa Ana Bankruptcy Court issued two orders granting each of appellees' motions. See id., Ex. 6. The order granting appellees' motion for relief from the stay stated, "[t]he Automatic Stay is lifted retroactive to November 3, 2008 to validate and give effect to the judgment entered in the [State Case]." Santa Ana Bankruptcy, Dkt. 28.

On April 27, 2015, Howell filed a motion to amend or alter the April 13, 2015 orders. Id., Ex. 8. On May 26, 2015, at the hearing on Howell's motion to amend, the Bankruptcy Court clarified what it viewed as the proper basis for granting relief pursuant to Rule 60. Specifically, the Bankruptcy Court concluded that relief was necessary pursuant to Rule 60(b)(6), permitting relief for "any other reason that justifies relief" because "the simple requirements of justice would suggest relief here." Id., Ex. 12 at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

11:2-14.  On October 16, 2015, the Santa Ana Bankruptcy Court issued an order denying Howell's motion to amend or alter the April 27, 2015 order.  Dkt. 7, Ex. 10.

In the instant appeal, Howell seeks reversal of the Santa Ana Bankruptcy Court's grant of relief from the automatic stay.  On October 27, 2015, Howell filed notice of appeal with this Court from the April 13, 2015 and October 16, 2015 Santa Ana Bankruptcy Court orders.  Dkt. 7.[1]  On March 23, 2016, appellees filed their opposition. Dkt. 8.  On April 12, 2016, Howell filed her reply.  Dkt. 10.

---

[1] Appellees' adversary proceeding in the Riverside Bankruptcy remains open. Although not relevant to the instant appeal, the ongoing litigation in appellees' adversary proceeding provides additional context.  On October 21, 2015, days after obtaining relief from the stay in the Santa Ana Bankruptcy, appellees filed a second motion for summary judgment in their adversary proceeding in Riverside Bankruptcy Court.  6:14-ap-01070-MH, Dkts. 62, 69.  The Riverside Bankruptcy Court has continued appellees second motion for summary judgment a number of times and as of this date that motion is set for a hearing in July 2017.

In a hearing on December 2, 2015, the Riverside Bankruptcy Court observed that the signature on appellees' lodged State Case judgment might not have prevented the State Case judgment from being effective because it may be merely a ministerial act after the jury had already reached the pertinent verdict.  Id., Dkt. 101 36:2-15.  However, the adversary proceeding in the Riverside Bankruptcy has not proceeded to trial and the Riverside Bankruptcy Court has not rendered a final ruling regarding the effect of the State Court judgment on the dischargeability of Howell's debt to appellees.

On November 10, 2015, Howell filed a motion seeking to hold appellees in contempt for violation of the April 1, 2014 debt discharge injunction in the Riverside Bankruptcy.  Riverside Bankruptcy, Dkt. 30.  On January 25, 2016, the Riverside Bankruptcy Court denied Howell's motion observing, in part, that the State Case judgment was the subject of a timely adversary proceeding and therefore not subject to discharge "unless and until the court denies [appellees' adversary complaint]."  Riverside Bankruptcy, Dkt. 41.  The court further stated that the discharge order "did not apply to any debt that arose in connection with the State [Case] Judgment because [appellees] file[d] a timely [adversary complaint]."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

Having carefully considered the parties' arguments, the Court rules as follows.

### III.   LEGAL STANDARD

Bankruptcy Rule 9024 provides that relief from an order or judgment may by granted on the same basis as provided by Federal Rule of Civil Procedure 60 ("Rule 60"). Fed. R. Bankr. P. 9024.

Pursuant to Rule 60(b), a court may grant relief from a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A court may grant relief from judgment pursuant to Rule 60(b) *sua sponte*. Kingvision Pay-Per-View Ltd. v. Alice Lake Bar, 168 F.3d 347, 351 (9th Cir. 1999). A decision to grant relief pursuant to Rule 60(b) is a matter falling within the court's discretion. Thompson v. Hous. Auth. v. City of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986).

Accordingly, a grant of Rule 60(b) relief is reviewed for abuse of discretion. See Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1100 (9th Cir. 2006). A lower court abuses its discretion if it "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992). In the Ninth Circuit, rulings on motions for relief from judgment may be reversed "only upon a *clear showing* of abuse of discretion." Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987) (emphasis in original) (quoting Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

### IV.   DISCUSSION

On appeal, Howell makes three arguments. With respect to appellees' motion to reopen, Howell argues that the Santa Ana Bankruptcy Court erred because a dismissed bankruptcy case cannot be reopened. With respect to appellees' motion for relief, Howell contends that the Santa Ana Bankruptcy Court improperly advocated on behalf of appellees and that appellees' motion for relief from the Santa Ana Bankruptcy stay was untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

**A.     Appellees' Motion to Reopen Howell's Dismissed Bankruptcy Case**

On April 13, 2015, the Santa Ana Bankruptcy Court reopened the Santa Ana Bankruptcy proceeding to "allow [appellees] to bring their Motion for Relief from The Automatic Stay." Dkt. 7, Ex. 6.  On appeal, Howell argues that the Santa Ana Bankruptcy Court erred in granting appellees' motion to reopen the 2008 dismissed bankruptcy case because a dismissed bankruptcy case cannot be reopened and appellees should have filed a timely motion to vacate.  Dkt. 7 at 11-12.  Regardless of whether the Santa Ana Bankruptcy Court erred in granting appellees' motion to reopen Howell's dismissed Santa Ana bankruptcy proceeding, any error in doing so was harmless.[2]

A dismissed case, by its very nature, is not fully administered; thus, it is not "closed" and cannot be "reopened."  Judge Judith K. Fitzgerald, et. al., Rutter Group Practice Guide: Bankruptcy, National Edition § 23-B (2016); In re Income Property Builders, Inc., 699 F.2d 963, 965 (9th Cir. 1982); see also 11 U.S.C. § 350(a)-(b).  However, a case dismissal can be vacated by a motion for relief from judgment or order pursuant to Federal Rule of Bankruptcy Procedure 9024.  See In re Los Arboles Apts. & Townhomes LLC., 2016 WL 2962926, at *2 (Bankr. C.D. Cal. May 16, 2016) ("A dismissal could be undone only through an appeal or a motion under Federal Rule of Bankruptcy Procedure 9023 or 9024" (quoting 3 Resnick and Sommer, Collier on Bankruptcy, ¶ 350.03 at 350–6)).

Accordingly, the Santa Ana Bankruptcy Court was not required to reopen Howell's Santa Ana proceeding to grant relief to appellees.  The Santa Ana Bankruptcy Court's *sua sponte* motion for relief pursuant to Rule 60 was sufficient for the narrow purpose of granting retroactive relief from the automatic stay.

**B.     Appellees' Motion for Relief**

---

[2] During the hearing on Howell's first motion to amend the Bankruptcy Court's order, the court appeared to acknowledge uncertainty about the exact procedure necessary to accomplish what it saw as the proper outcome.  "I'm not entirely sure that reopening is the right way to call it to begin with.  But insofar as you had to reopen a dismissed case, it was reopened because then only can I enter what should be like days follow night, an annulment." Dkt. 7, Ex. 12 7:18-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

Appellees filed a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (permitting retroactive annulment of the stay) see Santa Ana Bankruptcy dkt. 15, the Santa Ana Bankruptcy Court granted appellees the relief they sought and determined that the automatic stay should have no effect on the judgment in the State Case. The Court articulated its ruling as being based in Rule 60.[3] Specifically, the Santa Ana Bankruptcy Court stated that it granted appellees relief from the dismissal and stay in the Santa Ana Bankruptcy pursuant to Rule 60(b)(6) because appellees were entitled to an annulment of the stay. Rule 60(b)(6), the so-called catch-all provision, permits relief if a party demonstrates "both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw, 452 F.3d at 1103. This Rule provides "an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)).

On appeal, Howell argues that the Santa Ana Bankruptcy Court's decision to grant relief pursuant to Rule 60(b)(6) (relating to "any other reason that justifies relief") rather than Rule 60(b)(1) (relating to "mistake, inadvertence, surprise, or excusable neglect")

---

[3] During argument before the Santa Ana Bankruptcy Court, it appears to have been Howell who argued that the Santa Ana Bankruptcy Court should evaluate whether relief was appropriate pursuant to Rule 60 rather than 11 U.S.C. § 362(d). On appeal, during oral argument on December 19, 2016, Howell took the opposite position and argued, for the first time, that Rule 60 could not be the basis for granting relief from the automatic stay because the automatic stay was not a "judgment or order," but rather took effect by operation of law.

Rule 60 permits a court to grant relief from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Whether best characterized as a "proceeding" or "order," multiple courts have concluded that relief can be granted pursuant to Rule 60 from a legal consequence, like an automatic stay, which takes effect by operation of law. See e.g. In re Reiman, 431 B.R. 901, 909 (Bankr. E.D. Mich. 2010) ("Even though abandonment under [11 U.S.C.] § 554(c) occurs by operation of law and not by court order, courts have also applied Rule 60(b) to determine whether to grant a revocation of statutory abandonment under § 554(c)"). Ultimately, as discussed in this order, Rule 60 and 11 U.S.C. § 362(d) are both valid bases for granting relief from the automatic stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL          'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

was improper advocacy for appellees. However, the Santa Ana Bankruptcy Court had the discretion to grant Rule 60(b) relief *sua sponte*. See Kingvision, 168 F.3d at 351. Howell cites no authority for her contention that the Santa Ana Bankruptcy Court was limited in determining whether 60(b)(1) relief was appropriate rather than sub-section 60(b)(6). In light of the unusual circumstances of this case, granting relief pursuant to sub-section (b)(6) was not an abuse of discretion.

Second, Howell argues that nothing prevented appellees from bringing their motions for relief from the Santa Ana Bankruptcy stay earlier. A motion pursuant to Rule 60(b)(6) must be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). However, the appellees here do not seek relief from a prior judgment in the ordinary sense, they only sought relief from the stay that was incidental to the Santa Ana Bankruptcy case. "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

The jury in the State Case reached its verdict on August 21, 2008. The Superior Court ruled on Howell's motion for judgment notwithstanding the verdict on October 15, 2008. Appellees lodged their proposed judgment in the Superior Court on October 16, 2008, the day after the Superior Court had resolved Howell's challenge to the jury's verdict. Howell filed her petition for bankruptcy on October 28, 2008, five days before Judge Wilkinson signed the State Case judgment. Howell did not notify the Superior Court of the Santa Ana Bankruptcy stay. In challenging the Santa Ana Bankruptcy Court's grant of relief to appellees, Howell seeks the benefit of the stay which automatically issued in the Santa Ana Bankruptcy, even though she thereafter elected not to pursue her Santa Ana Bankruptcy case.[4]

---

[4] Even though the Santa Ana Bankruptcy Court does not appear to have made an express finding that Howell filed the Santa Ana Bankruptcy petition specifically to avoid the judgment in the State Case, the timing of her initial petition strongly suggests that Howell filed her Santa Ana Bankrupcty petition to avoid the effects of the State Case judgment. If true, such a conclusion would, on its own, support granting appellees relief from the automatic stay. In re Yanik, 8 F.3d 34 (9th Cir. 1993) ("A debtor's lack of good

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

Howell's former attorneys might have realized the Santa Ana Bankruptcy stay's potential effect upon the judgment in the State Case sooner. However, consideration of the appropriate factors leads to the conclusion that the Santa Ana Bankruptcy Court did not abuse its discretion in granting retroactive relief from the automatic stay. The Court expresses no opinion as to whether the judgment in the State Case should act as res judicata in the Riverside Bankruptcy, however, if the judgment in the State Case is void, the parties may be required to relitigate at least some issues already resolved by the jury in the State Case. In contrast, Howell does not seek to preserve a final debt-discharge in the Santa Ana Bankruptcy. Accordingly, the interests of finality weigh in favor of appellees. Furthermore, appellees did not delay in seeking relief from the automatic stay once it became apparent that Howell contested the validity of the State Case judgment. Appellees brought their motions seeking relief from the automatic stay shortly after Howell first contested the validity of the State Case judgment. Finally, as observed by the Santa Ana Bankruptcy Court, Howell does not point to any unfair prejudice she will suffer if appellees are granted relief from the stay.[5] In contrast, the potential prejudice to appellees is clear – a jury rendered a verdict in their favor and the Superior Court's judgment thereafter may be void for no equitable reason. The Santa Ana Bankruptcy Court concluded that retroactive relief from the automatic stay was necessary in the interests of justice and, in doing so, the court did not abuse its discretion.

    C.    **The Court's Authority to Annul the Stay**

---

faith in filing a bankruptcy petition provides cause for lifting the automatic stay under 11 U.S.C. § 362(d)(1)").

    [5] During oral argument on December 19, 2016, Howell argued that she would now face difficulty appealing the judgment in the State Case because of the passage of several years and the potential loss of evidence since her 2008 jury trial against appellees. However, Howell might have sought to appeal the jury's verdict and court's judgment in the State Case sooner. Both Howell and appellees both believed the judgment in the State Case to be valid; however, Howell chose not to appeal the judgment in the State Case. If evidence relating to Howell's appeal of the State Case is no longer available, its disappearance did not result from the Santa Ana Bankruptcy Court's order granting retroactive relief from the automatic stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

The Santa Ana Bankruptcy Court's decision to grant relief from the automatic stay can also be affirmed on an alternate basis. "Whether to consider an alternate basis for decision is a prudential matter dependent on the adequacy of the record, including the briefing of the issues." State of Idaho v. Hanna Min. Co., 882 F.2d 392, 395 (9th Cir. 1989). Appellees' initial motion for relief from the stay relied upon 11 U.S.C § 362(d). The Santa Ana Bankruptcy Court then articulated the basis for its ruling as being Rule 60, however, the parties had ample opportunity to brief whether appellee's were entitled to an annulment of the stay pursuant to § 362(d) as well as pursuant to Rule 60. An annulment of the stay in this case, pursuant to § 362(d)(1), would have been appropriate.

After a bankruptcy case has been dismissed, the bankruptcy court retains jurisdiction to grant a motion to annul the stay. In re Aheong, 276 B.R. 233, 243 (B.A.P. 9th Cir. 2002). "[S]ection 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." In re Schwartz, 954 F.2d 569, 572 (9th Cir. 1992). 11 U.S.C. § 352(d) provides that "the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause." "The use of the word 'annulling' in § 362(d) permits the court's order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay. Such actions would otherwise be void." Id. (brackets omitted). "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case by case basis." In re Mac Donald, 755 F.2d 715, 716 (9th Cir. 1985); see also In re Anderson, 36 B.R. 120, 123 (Bankr. D. Haw. 1983) ("Any 'cause' convincing the Court that the stay should be modified is adequate"). "A decision to lift the automatic stay under 11 U.S.C. § 362 is within the discretion of the bankruptcy judge." In re Mac Donald, 755 F.2d at 716.

The purpose of the automatic stay in bankruptcy proceedings is to give "the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations." Id. "The stay is designed to give the debtor time to organize its affairs- which includes protection from having to defend claims brought against the estate as well as continuing to pursue judicial proceedings on its own behalf." Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986). In deciding whether to annul a bankruptcy proceeding's automatic stay, the court must balance the equities in favor of both creditors and debtors. In re Fjeldsted, 293 B.R. 12, 24 (B.A.P. 9th Cir. 2003). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

Ninth Circuit has set fourth several factors that may be considered in deciding whether to grant relief, for cause, from an automatic stay. Those factors include:

>  1. Number of filings;
>  2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;
>  3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive . . . ;
>  4. The Debtor's overall good faith (totality of circumstances test);
>  5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem;
>  6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;
>  7. The relative ease of restoring parties to the *status quo ante*;
>  8. The costs of annulment to debtors and creditors;
>  9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;
>  10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;
>  11. Whether annulment of the stay will cause irreparable injury to the debtor;
>  12. Whether stay relief will promote judicial economy or other efficiencies.

Id. at 25 (citation omitted). The factors are "merely a framework for analysis and not a scorecard." Id. In the instant case, the most important factors weigh in favor of granting relief from the automatic stay.

     As already discussed the prejudice to appellees is clear if they are not granted relief from the automatic stay. Appellees took no action in violation of the automatic stay and lodged their proposed judgment in the State Case nearly two weeks before Howell filed her Santa Ana Bankruptcy petition. Thereafter, Howell did not comply with the Bankruptcy Code and Rules and her bankruptcy was dismissed for failure to attend an initial meeting with creditors. Because Howell did not proceed with her Santa Ana Bankruptcy, it is relatively easy to return the parties to "the *status quo ante*." Id. (emphasis in original). Appellees delayed in seeking relief from the stay; however,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL  'O'

| Case No. | SACV15-1883-CAS | Date | December 22, 2016 |
|---|---|---|---|
| Title | IN RE: NANCY ANN HOWELL | | |

Howell, similarly delayed in seeking to set aside violative conduct by the Superior Court. There does not appear to be any irreparable injury to Howell as a result of granting relief from the automatic stay and doing so best serves to promote judicial economy because the Riverside Bankruptcy Court may, ultimately, determine that the State Case should act as res judicata in appellees' adversary proceeding.

In the proceedings below, the Santa Ana Bankruptcy Court found the automatic stay to be unrelated to any interest of Howell's in the protection of her assets or other material interests relating to her Santa Ana Bankruptcy proceeding. In contrast, the Santa Ana Bankruptcy Court concluded that the appellees had demonstrated that they may face an unjust result if the automatic stay were permitted to somehow invalidate their otherwise enforceable judgment in the State Case. Accordingly, the Bankruptcy Court sought to fashion a remedy necessary to ensure that the automatic stay had no effect upon appellees' judgment obtained in the State court. Because the stay exists to balance the parties' interests and protect a debtor's assets, the Bankruptcy Court would have been within its discretion to annul the stay retroactively for cause. Howell's failure to pursue the underlying bankruptcy proceeding and the manifest injustice which might result from the automatic stay are adequate cause to grant a discretionary annulment of the stay.

Because § 362(d) provides an alternate basis for the same outcome and because it was adequately briefed before the Santa Ana Bankruptcy Court, the Court affirms the Santa Ana Bankruptcy Court's decision on that basis as well.

### V.    CONCLUSION

The Santa Ana Bankruptcy Court's order granting retroactive relief from the automatic stay in the Santa Ana Bankruptcy is **AFFIRMED**.

Debtor's motion to stay execution of the Santa Ana Bankruptcy Court's orders is **DENIED as moot**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CL |